UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ZAJAC,

    Plaintiff,

v.                                            Hon. Sally J. Berens

COMMISSIONER OF                Case No. 1:20-cv-135
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed applications for DIB and SSI on May 7, 2018, alleging that she became disabled as of March 1, 2014, due to thyroid cancer, migraines, a slipped disc, and a missing kidney. (PageID.126–27.) Plaintiff was age 49 at the time of her alleged onset date. (PageID.126.)

Plaintiff subsequently amended her onset date to June 30, 2014. (PageID.306–07.) She had previous employment as a flight attendant. (PageID.314.) After Plaintiff's applications were denied, she requested a hearing before an Administrative Law Judge (ALJ). (PageID.220.)

ALJ Donna Grit conducted a hearing on September 13, 2019, and received testimony from Plaintiff and Sherry Ronning, an impartial vocational expert (VE). (PageID.85–123.) On October 7, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled from the date she filed her applications through the date of the decision. (PageID.67–78.) The Appeals Council denied Plaintiff's request for review on December 18, 2019. (PageID.25–28.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481.

## Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date, the ALJ found that Plaintiff suffered from the following severe impairments: (1) headaches and (2) degenerative disc disease of the cervical spine. (PageID.69.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.72.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> [Plaintiff] can never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. She can have no exposure to unprotected heights or dangerous moving machinery. She can perform no commercial driving.

(PageID.72.)

4

At step four, the ALJ determined that Plaintiff was not disabled during the relevant period because she could perform her past relevant work as a flight attendant. (PageID.76–77.) Notwithstanding her step four finding, the ALJ continued to step five and found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including office helper, small products assembler, and mail clerk. (PageID.77–78.)

## Discussion

Plaintiff raises three issues in her appeal: (1) the ALJ failed to properly assess the opinions of her physician and nurse practitioner pursuant to 20 C.F.R. §§ 404.1520c and 416.920c; (2) the ALJ's RFC determination is not supported by substantial evidence because it omits limitations related to Plaintiff's inability to pay attention, concentrate, or persist and her absenteeism; and (3) the ALJ failed to give the VE a proper hypothetical question resulting in an erroneous findings that Plaintiff could perform her past relevant work or any other work.

### I.    Consideration of Treating Physician's Opinion

On June 24, 2019, Daniel Hodge, N.P., completed a Medical Opinion Form regarding Plaintiff's ability to do work-related activities. (PageID.1610–11.) Edward Haughn, D.O., co-signed the form. Mr. Hodge opined that, in an eight-hour work day, Plaintiff could stand for less than 20 minutes, walk for less than 10 minutes, and lift or carry less than 10 pounds consistently. Mr. Hodge also indicated that Plaintiff would miss three or more days of work per month, need to leave early from the workplace three or more days per month, and need to lie down more than once per day. Mr. Hodge said that Plaintiff could not stay focused for at least seven out of eight hours more than three days per month and would need to elevate her feet about 15 minutes per hour three or more days per month.

The ALJ found the opinion unpersuasive because it was unsupported and inconsistent with the record as a whole. The ALJ noted that while Mr. Hodge failed to support his opinions with

5

records or findings, "the record consistently documented the claimant to be alert and oriented with normal mood, concentration, attention span, memory, strength, gait, station, and coordination." (Page ID.76.) The ALJ further noted the absence of any medical finding or provider recommendation in the record supporting the need for Plaintiff to elevate her feet. She also found that "[a] reduction to 10 minutes of walking and 20 minutes of standing is grossly inconsistent with the medical evidence of record that repeatedly showed normal gait, station, musculoskeletal strength, and range of motion (Ex. 5F pg. 3; 6F pgs. 9, 18, 51, 67; 25F pgs. 4, 14; 26F pgs. 3, 54; 30F pg. 15)." (*Id.*)

Plaintiff argues that the ALJ failed to properly analyze the opinion because she did not recognize Dr. Haughn, a treating physician who had actually examined Plaintiff and had the benefit of her treatment records through July 7, 2019, had rendered it. Plaintiff further argues that Dr. Haughn's restrictions are consistent with Plaintiff's reported migraine and degenerative disc disease symptoms, as well as Plaintiff's treatment notes.

Because Plaintiff filed her applications after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. These regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* §§ 404.1520c(1)–(5), 416.920c(1)–(5). The ALJ must explain his or her consideration of the

6

supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* §§ 404.l520c(b)(2), (3), 416.920c(b)(2), (3). The regulation defines "supportability" and "consistency as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520c(1)–(2), 416.920c(c)(1)–(2).

Contrary to Plaintiff's argument, the ALJ properly assessed Dr. Haughn/Mr. Hodge's opinion under the regulations. Even if the ALJ had found that Dr. Haughn rendered the opinion, her analysis would not have changed because Dr. Haughn and Mr. Hodge were both considered acceptable medical sources, and her rationale for finding the opinion unpersuasive would have remained the same. The ALJ's primary focus, in accordance with the regulations, was on the opinion's lack of supportability and consistency with the evidence as a whole, which remained constant. Similarly, the fact that Dr. Haughn had examined Plaintiff, whereas the State agency consultants had not, would not have affected the ALJ's analysis because supportability and consistency are the most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ also articulated proper bases for finding the opinion unpersuasive, namely, consistently normal physical and mental examination findings, and she supported her reasons with citations to specific evidence in the record. (PageID.76, 503, 505, 514, 547, 563, 868, 878, 892, 943, 1626.) While Plaintiff points to other evidence in the record, it is not for this Court to second-guess the ALJ's decisions when supported by substantial evidence. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (a reviewing

7

court "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

## II. The RFC Determination

Plaintiff next argues that the ALJ's RFC determination is not supported by substantial evidence because she failed to include limitations relating to her inability to pay attention, concentrate or persist, and to account for her absenteeism. RFC is an administrative finding of fact reserved to the Commissioner. *See Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017) ("An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner. SSR 96-5p, 1996 WL 374183, at *1-2 (July 2, 1996)."). A claimant's RFC is the most that the claimant can do after considering the effects of all impairments on the ability to perform work-related tasks. 20 C.F.R. §§ 404.1545(a), 416.945(a). "[T]he ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013).

Although Plaintiff contends that the ALJ failed to account for time off task that Plaintiff would experience due to her headache symptoms, the ALJ found that Plaintiff's subjective allegations were inconsistent with objective examination findings and Plaintiff's reported daily activities, which included driving herself to the hearing. (PageID.74–75.) Plaintiff raises no specific objection with regard to this finding. Moreover, in addition to the evidence cited above, the ALJ noted that, although Plaintiff reported experiencing headaches almost every single day, a neurologist examined Plaintiff in August 2019 and reported grossly unremarkable findings, including intact recent and remote memory, normal attention span and concentration, normal fund of knowledge, intact cranial nerves, normal muscle tone, strength, sensation, reflexes, and gait. (PageID.74, 1637–38.) The ALJ also noted that, during the hearing, Plaintiff was able to

8

understand and respond to questions appropriately and that, although she testified that she had to wear sunglasses during appointments, or she will become extremely dizzy, her treatment notes mentioned her wearing sunglasses only twice during the relevant period, and normal examination findings were reported both times. (PageID.74, 886.)

The ALJ's function is to resolve conflicts in the evidence. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). That is what the ALJ did in this case when she concluded that the evidence failed to support additional limitations for concentration and absenteeism. Accordingly, this claim of error is rejected.

### III.     Improper Hypothetical Question

The ALJ determined at step four that Plaintiff could perform her past work as a flight attendant (PageID.76), meaning that she is not disabled. *Amburgey v. Comm'r of Soc. Sec.*, 751 F. App'x 851, 864 (6th Cir. 2018). During the hearing, in response to the ALJ's question about the heaviest lifting she did as a flight attendant, Plaintiff answered, "It was around 10 to 15 pounds. . . . Maybe under 10. No, it was above 10. It was probably 15 to 20." (PageID.91.) The VE testified that the job title of flight attendant is classified by the Dictionary of Occupational Titles as medium work but, considering Plaintiff's testimony, she performed it as light work. (PageID.118.)

The ALJ posed three hypotheticals to the VE. The first allowed work at all exertional levels with some limitations. The VE testified that with those limitations, Plaintiff could perform her past work, which was semi-skilled, both as she performed it and as it is generally performed. (PageID.118.) The second was for work at the light exertional level, which involves lifting up to 20 pounds, *see* 20 C.F.R. §§ 404.1567(c), 416.967(c), with additional limitations. The VE testified that Plaintiff could have performed her past work as she performed it. (PageID.119.) This response was the basis for the ALJ's step-four finding. The third hypothetical incorporated nonexertional limitations of only understanding, remembering, and performing simple tasks, making simple

9

decisions, and adapting to routine changes in the workplace. The VE testified that an individual with that RFC could not perform Plaintiff's past work but could perform light, unskilled jobs of office helper, small products assembler, and mail clerk. (PageID.119–20.)

Plaintiff argues that the ALJ's determination that she could perform her past relevant work as she had performed it is not supported by substantial evidence because it was at odds with her other statements in the record regarding the exertional requirements of her flight attendant position. Plaintiff notes that she had previously stated in her Disability Report that she frequently lifted 25 to 50 pounds, lifted and carried bags for about 300 feet on every flight, and lifted and carried cases of drinks and supplies, consistent with a medium exertional level. (ECF No. 9 at PageID.1659 (citing PageID.315, 322).)

Plaintiff claims that she misunderstood the ALJ's question, and she argues the error is not harmless and remand is required because a finding of disability would be warranted if she were limited to light work and could not perform her past work. Her reasoning is as follows: (1) the ALJ's second hypothetical did not include limitations on her ability to sustain the mental requirements of her past work in maintaining concentration, persistence, or pace and dealing with the public, and the ALJ found that she could perform her past work; (2) the ALJ included mental limitations in the third hypothetical and the VE indicated that a person with such limitations could not work as a flight attendant but could perform light, unskilled jobs; (3) because the ALJ found that Plaintiff could perform her past work as a flight attendant but also found that Plaintiff could perform other unskilled jobs, it is unclear whether the ALJ found that Plaintiff could perform the mental requirements of semi-skilled work or whether she could not do so and would be limited to unskilled work; and (4) if the latter is true, Plaintiff would have been disabled as of age 55 under the Medical-Vocational Guidelines, which provide that a person 55 years or older who cannot

10

perform her past work, has no transferable skills and is limited to unskilled work is disabled.[2] (ECF No. 9 at PageID.1559–60 (citing Rule 202.06, 20 C.F.R. Pt. 404, Subpt. P., App. 2).)

While a claimant has the burden of proving that she cannot perform her past work at step four, *see Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011), "the ALJ has a duty to make adequate findings on the record that 'clearly and explicitly' resolve the issue of a claimant's relevant job duties." *Lamorgese v. Comm'r of Soc. Sec.*, No.1:14CV11-4, 2-15 WL 3894282, at *3 (N.D. Ohio June 24, 2015) (citing SSR 82-62). Here, the ALJ complied with that duty by asking Plaintiff about "the heaviest lifting [she] would do as a flight attendant[.]" (PageID.91.) Plaintiff's answer shows that she gave the question considerable thought and provided a clear picture of her job requirements. Although Plaintiff now claims that she misunderstood the question, nothing in the transcript indicates that this was the case. Furthermore, neither Plaintiff nor her counsel requested clarification from the ALJ or sought to add to or amend the information she provided during the hearing. The ALJ was justified in accepting Plaintiff's testimony as accurate as she was the best source of evidence about the demands of her past work. *See* SSR 82-62, 1982 WL 31386, at *3 (Soc. Sec. Admin. 1982) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work.").

This case is similar to *Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392 (6th Cir. 2010), in which the court found that notwithstanding the ALJ's "inquisitorial duty to seek clarification on material facts," substantial evidence supported the ALJ's determination that the plaintiff could perform her past relevant work as a cashier. The court noted that two independent

---

[2] Plaintiff turned 55 three months after her date last insured and was 55 at the time of the hearing.

sources in the record indicated that the plaintiff had past relevant work as a cashier, yet, the plaintiff failed to introduce evidence that she worked as a cashier for less than three months. The court said that the plaintiff "(who was represented by counsel at the ALJ hearing) should have been fully aware of the record's indication of her past relevant work as a cashier, and it was her burden to rebut that conclusion in order to prevail before the ALJ." *Id.* at 396. While *Wright-Hines* is not entirely on point, it supports the proposition that a claimant cannot fail to correct the record at the hearing and later claim that the ALJ should have discovered and reconciled contradictory evidence in the record, particularly where the claimant herself was the source of the contradictory evidence.

Because the ALJ's step-four finding that Plaintiff can perform her past relevant work is supported by substantial evidence, the Court need not consider Plaintiff's arguments concerning the ALJ's alternate step-five findings.

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: March 29, 2021            /s/ Sally J. Berens  
                                                                SALLY J. BERENS  
                                                                U.S. Magistrate Judge